UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT TEXAS
HOUSTON DIVISION

| | |
|---|---|
| R.M. BERRY, on Behalf of Himself and All Others Similarly Situated,<br><br>      Plaintiff,<br><br>      v.<br><br>REPROS THERAPEUTICS, INC., JOSEPH PODOLSKI, PAUL LAMMERS and LOUIS PLOTH, JR.,<br><br>      Defendants. | No. 4: 09-cv-02530<br>Hon. Vanessa D. Gilmore<br><br>CLASS ACTION<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF JIM CHEN FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL** |
| JOSEPHINE MEDINA, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>      v.<br><br>REPROS THERAPEUTICS, INC., JOSEPH PODOLSKI, PAUL LAMMERS and LOUIS PLOTH, JR.,<br><br>      Defendants. | No. 4: 09-cv-02594<br>Hon. Kenneth M. Hoyt |
| SHANE SIMPSON, PAUL FRANK and CLAYTON SCOBIE, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiffs,<br><br>      v.<br><br>REPROS THERAPEUTICS, INC., JOSEPH PODOLSKI, PAUL LAMMERS and LOUIS PLOTH, JR.,<br><br>      Defendants. | No. 4: 09-cv-03127<br>Hon. Nancy F. Atlas |

Jim Chen ("Movant") respectfully submits this memorandum of points and authorities in support of his motion for consolidation of related actions, appointment as lead plaintiff and approval of his selection of lead counsel.

## I. STATEMENT OF ISSUES TO BE DECIDED

1. ISSUE: Whether consolidation of the above-captioned related actions is appropriate under Rule 42 of the Federal Rules of Civil Procedure when the related actions name the same defendants and involve common questions of law and fact?

   (i) STANDARD OF REVIEW: Rule 42 requires "a common question of law or fact" as a prerequisite to consolidation. The decision whether to consolidate cases pursuant to Rule 42 is reviewed for abuse of discretion. *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 408 (5th Cir.1998). Whether the District Court applied the correct legal standard is reviewed de novo. *Id.*

2. ISSUE: Whether Movant Jim Chen has the largest financial interest in this case, has made a preliminary showing that he satisfies Rule 23 of the Federal Rules of Civil Procedure, and thus is the" most adequate plaintiff," requiring his appointment as lead plaintiff for the class and approval of his selection of lead counsel pursuant to the Private Securities Litigation Reform Act of 1995 (PSLRA)?

   (i) STANDARD OF REVIEW: The PSLRA provides that the "most adequate plaintiff" is the plaintiff or timely lead plaintiff movant who "in the determination of the court, has the largest financial interest in the relief sought by the class" and also "otherwise satisfies the requirements of Rule 23. ..." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Rule 23(a) requires, *inter alia*, that "the claims or defenses of the representative parties are typical" of the class, and that the

representative "will fairly and adequately protect the interests of the class." Class-certification decisions are reviewed for abuse of discretion. *Gene And Gene LLC v. BioPay LLC*, 541 F.3d 318, 325 (5th Cir. 2008). Whether the District Court applied the correct legal standards is reviewed de novo. *Id.*

## II.   FACTUAL BACKGROUND

This is a securities class action on behalf of purchasers of the common stock of Repros Therapeutics, Inc. ("Repros" or the "Company") between July 1, 2009 and August 3, 2009 (the "Class Period"), seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act"). Named as defendants are Repros and certain of the Company's executive officers.

Defendant Repros is a development stage biopharmaceutical company which focuses on the development of oral small-molecule drugs for the treatment of male and female reproductive disorders. Repros' lead drug, Proellex, is being developed for the treatment of symptoms associated with uterine fibroids and endometriosis and as a pre-surgical treatment for anemia associated with excessive menstrual bleeding related to uterine fibroids.

In February 2009, Repros concluded a Phase II clinical trial for Proellex as a treatment for endometriosis. The trial tested two doses of Proellex, 25mg and 50mg, as a once-a-day oral therapy versus placebo in a double-blind design.

On July 1, 2009, at the beginning of the Class Period, Repros issued a press release to update the progress of the Proellex clinical trials program, stating that, among other things, Proellex showed substantial therapeutic promise and had minimal side effects. Defendants, however, failed to disclose that Proellex actually elevated certain patients' liver enzymes to

dangerous levels.

Then, on August 3, 2009, the last day of the Class Period, the full extent of these problems was revealed when Repros issued a press release announcing the cancellation of the Proellex clinical trial.

As a result of defendants' misleading statements and failures to disclose material adverse information concerning the Proellex clinical trials, the price of Repros stock plummeted more than 73%, from a high $4.96 on July 1, 2009 – the beginning of the Class Period – to close at $1.31 on August 3, 2009, after disclosure of this negative news.

### III.  PROCEDURAL HISTORY

Plaintiff R. M. Berry commenced the instant action on August 7, 2009, and on that day counsel for plaintiff published a notice of the pendency of plaintiff's case on *Business Wire,* a widely circulated national business-oriented wire service. *See* Declaration of Austin Tighe In Support of Motion of Jim Chen For Consolidation of Related Actions, Appointment As Lead Plaintiff and Approval of Selection of Lead Counsel (the "Tighe Declaration") at Exhibit A.

In addition to the *Berry* action, two related actions subsequently were filed in this District (collectively, the "Related Actions"), and each of the Related Actions is reflected above in the caption of this document.

Movant brings the instant motion pursuant to plaintiff Berry's complaint and notice of pendency, and files this motion prior to expiration of the 60-day period from publication of the August 7, 2009 notice.

## IV. ARGUMENT

### A. The Related Actions Should Be Consolidated

Consolidation pursuant to Rule 42(a) is proper when actions involve common questions of law and fact. *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2nd Cir. 1990). The Court has broad discretion under this Rule to consolidate cases pending within its District. *Id.*

The actions pending before this Court present similar factual and legal issues, as they all involve the same subject matter, and present the same legal issues. Each alleges the same violations of federal securities laws, and is based on the same wrongful course of conduct. Each names the Company and certain of its officers and/or directors as defendants. Because the actions arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all Related Actions. Accordingly, consolidation under Rule 42(a) is appropriate.

### B.   Jim Chen Should Be Appointed Lead Plaintiff

Section 21D(a)(3)(B) of the PSLRA provides the procedure for selecting lead plaintiff in class actions brought under the Act. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 60 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. §78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group of persons that:

> (aa)   has either filed the complaint or made a motion in response to a notice. . . ;
>
> (bb)   in the determination of the Court, has the largest financial interest in the relief sought by the class; and

      (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).

As set forth below, Movant Jim Chen satisfies all three of these criteria, and thus is entitled to the presumption that he is the "most adequate plaintiff" for the Class.

### 1.    Jim Chen Is Making A Motion In Response To A Notice

Plaintiff R.M. Berry commenced the instant action on August 7, 2009, and on that day, pursuant to §21D(a)(3)(A)(I) of the PSLRA, counsel for plaintiff Berry published a notice of pendency of plaintiff's case on *Business Wire* – a widely circulated national business-oriented wire service[1] – announcing that a securities class action had been filed against defendants herein, and advising purchasers of Repros stock that they had until October 6, 2009, to file a motion to be appointed as lead plaintiff. Jim Chen files the instant motion pursuant to the *Berry* complaint and published notice, and submits herewith Movant's sworn certification attesting that he is willing to serve as representative of the Class and willing to provide testimony at deposition and trial, if necessary. *See* Tighe Declaration, Exhibit B. Movant therefore satisfies the requirement of either filing a complaint or making a motion in response to a published notice. *See* 15 U.S.C. §78u-4(a)(3)(B)(i).

### 2.    Jim Chen Has The Requisite Financial Interest In This Action

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons[2] that . . . has the largest financial interest in the

---

[1] *See Greebel v. FTP Software, Inc.*, 939 F.Supp. 57, 64 (D.Mass.1996).

[2] The "burden is on those seeking to aggregate [the largest financial interest] to demonstrate the cohesiveness of their purported 'group'... failure to provide significant

relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii); *In re MicroStrategy, Inc. Sec. Litig.*, 110 F.Supp.2d 427, 433-34 (E.D. Va. 2000).

During the Class Period, Jim Chen purchased 25,756 shares of Repros stock at prices alleged to be artificially inflated by defendants' materially false and misleading statements and omissions and, as result, Movant has suffered losses of $41,633.11. *See* Tighe Declaration, Exhibit C. To the best of his knowledge, Jim Chen believes that he has the largest known financial interest in this case of any class member who timely filed an application for appointment as lead plaintiff, and thus satisfies the largest financial interest requirement to be appointed as lead plaintiff for the Class.

### 3. Jim Chen Satisfies The Requirements Of Rule 23 Of The Federal Rules Of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

---

information about the identity of the members other than a conclusory statement of names, transactions for purchase of securities, and largest financial interest should result in denial of their application. ..." *In re Waste Mgmt. Sec. Litig.*, 128 F. Supp. 2d 401, 413 (S.D. Tex. 2000).

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. *See In re Waste Mgmt.*, 128 F. Supp. 2d at 411. A preliminary showing that a PSLRA movant satisfies the requirements of Rule 23 is sufficient. *Id.* Courts thus limit their inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until class certification. *Id.*; *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997).

### a. Jim Chen's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *In re Waste Mgmt.*, 128 F. Supp. 2d at 411. Rule 23 does not require the lead plaintiff to be identically situated with all Class members. *Berger v. Compaq Computer Corp.*, 257 F.3d at 475, 481 (5th Cir. 2001). Here, Jim Chen's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that defendants violated the Exchange Act by publicly disseminating a series of false and misleading statements concerning Repros' business, operations and prospects. Movant, like all of the members of the Class, purchased Repros stock during the Class Period at prices artificially inflated by defendants' misrepresentations and omissions, and was damaged thereby. The interests of Jim Chen are closely aligned with other Class members, and they are, therefore, typical of the other members of the Class. *See In re Superior Offshore Intern., Inc. Sec. Litig.*, slip op., 2008 WL 2148745, at *2 (S.D.Tex. May 20, 2008).

### b.   Jim Chen Is An Adequate Representative

The adequacy of representation requirement of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between the movant's claims and those asserted on behalf of the class. *See Berger,* 257 F.3d at 479-480.

Jim Chen has demonstrated his adequacy as lead plaintiff by evincing a strong desire to prosecute this action on behalf of the Class, and has shown that he is "'willing' and 'able' to 'take an active role in and control the litigation and to protect the interests of absentees.'" *Id.,* at 479. Movant has reviewed the allegations in this action and, as a result of his substantial purchases of Repros stock and losses therefrom, has communicated with experienced counsel concerning this case and has made this motion to be appointed lead plaintiff. *See* Tighe Declaration, Exhibits B and D. Movant is not aware of any antagonism between his interests and those of other Class members. Movant also has sustained substantial financial losses from his investments in Repros stock and is, therefore, extremely motivated to pursue the claims in this action. *See* Tighe Declaration, Exhibit C.

### 4.   Jim Chen Is Presumptively The Most Adequate Lead Plaintiff

The presumption in favor of appointing Movant as lead plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa)   will not fairly and adequately protect the interest of the class; or

(bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78 u-4(a)(3)(b)(iii)(I).

As he has demonstrated herein, Jim Chen is entitled to the presumption that he is the "most adequate plaintiff." Movant has suffered substantial losses – in excess of $41,000 – and believes that he has the largest financial interest in this case of any timely lead plaintiff movant. Tighe Declaration, Exhibit C. The ability of Movant to fairly and adequately represent the Class is discussed above. Movant is not aware of any unique defenses defendants could raise against him that would render him inadequate to represent the Class. Moreover, Movant has selected and retained competent and experienced counsel to represent him and the Class. *See* Tighe Declaration, Exhibit D; *MicroStrategy*, 110 F.Supp.2d at 435-36. Accordingly, Jim Chen is presumptively the most adequate lead plaintiff and should be appointed lead plaintiff for the Class.

### B.  The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless "necessary to protect the interest of the plaintiff class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also Gluck v. Cellstar*, 976 F. Supp. 542 at 550.

In the present case, Jim Chen has retained Glancy Binkow & Goldberg LLP to pursue this litigation on his behalf, and will retain this firm as Plaintiff's lead counsel, with Feazell & Tighe LLP as liaison counsel, in the event Movant is appointed lead plaintiff. Glancy Binkow & Goldberg LLP possesses extensive experience in the area of securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm's résumé attached to the Tighe Declaration as Exhibit D. Thus, the Court

may be assured that, by granting Jim Chen's motion, the Class will receive the highest caliber of legal representation.

## V.  CONCLUSION

For the foregoing reasons, Jim Chen respectfully requests that the Court grant his motion and enter an Order (a) consolidating the Related Actions, (b) appointing Jim Chen as lead plaintiff on behalf of the Class, and (c) approving Movant's choice of Glancy Binkow & Goldberg LLP as lead counsel for the Class, and granting such other relief as the Court may deem just and proper.

Respectfully submitted,

Dated: October 6, 2009

**FEAZELL & TIGHE LLP**

By: ___s/ *Austin Tighe*___
Austin Tighe, State Bar # 20023900
6618 Sitio Del Rio
Building C-101
Austin, TX 78730
Telephone: (512) 372.8100
Facsimile: (512) 372.8140

*Proposed Liaison Counsel*

**GLANCY BINKOW & GOLDBERG LLP**
Lionel Z. Glancy
Michael Goldberg
Rich Maniskas
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone:   (310) 201-9150
Facsimile:    (310) 201-9160

*Attorneys for Movant and*
*Proposed Lead Counsel*